|   |   |
|---|---|
| **JESSE B. CANALES,** | CIV-F-09-0721 AWI DLB |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER** |
| **U.S. BANK NATIONAL ASSOCIATION, HOMEQ SERVICING, INC, and DOES 1 through 20,** | |
| Defendants. | |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

## I. History

Plaintiff Jesse Canales has lived at 10001 North Pheasant Run Drive, Fresno, CA 93730 since 2005. Plaintiff had a mortgage with Defendant US Bank National Association ("US Bank"); he fell behind on the monthly payments. US Bank initiated foreclosure proceedings and scheduled sale of the property. Plaintiff was able to reach a forbearance agreement with US Bank's loan servicing agent, Defendant HomEq Servicing, Inc. ("HomEq") on August 13, 2008. Plaintiff filed for Chapter 7 bankruptcy on August 29, 2008 which was dismissed on October 16, 2008. US Bank went forward with the foreclosure and bought the property at auction on November 5, 2008.

US Bank filed an unlawful detainer action in Superior Court, County of Fresno on January 13, 2009 to evict Plaintiff. Plaintiff filed suit against US Bank and HomEq on March 24,

2009 in Superior Court, seeking to quiet title and charging Defendants with violating the forbearance agreement. Simultaneously, Plaintiff filed a motion in the unlawful detainer action to stay the action and consolidate the two cases. US Bank opposed the motion, which was scheduled to be heard on April 23, 2009. On that same day, Defendants removed the quiet title action to federal court based on diversity jurisdiction. That action mooted the motion for consolidation. The court presumes that the Superior Court denied Plaintiff's motion to stay the unlawful detainer action as that case is scheduled to go to trial on May 26, 2009. Plaintiff has now filed an ex parte application for a temporary restraining order, seeking to stay the unlawful detainer action in Superior Court.

**II. Legal Standards**

A preliminary injunction may issue if a moving party establishes: (1) a likelihood of success on the merits and the possibility of immediate irreparable injury, or (2) the existence of serious questions going to the merits and that the balance of hardships tips heavily in its favor. See Metro Publishing, Ltd. v. San Jose Mercury News, 987 F.2d 637, 639 (9th Cir. 1993). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Oakland Tribune, Inc. v. Chronicle Pub. Co., 762 F.2d 1374, 1376 (9th Cir. 1985). Alternatively, the traditional test requires a plaintiff to establish "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiffs if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiffs, and (4) advancement of the public interest (in certain cases)." Southwest Voter Registration Education Project v. Shelley, 344 F.3d 914, 918-9 (9th Cir. 2003), quoting Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995). To receive temporary injunctive relief under any articulation of the relevant test, the moving party must show a "significant threat of irreparable injury, irrespective of the magnitude of the injury." Dr. Seuss Enterprises, L.P. v. Penguin Books USA, Inc., 109 F.3d 1394, 1397 n.1 (9th Cir. 1997), quoting Big Country Foods, Inc. v. Board of Educ., 868 F.2d 1085, 1088 (9th Cir. 1989).

## III. Discussion

Under the Local Rules of the Eastern District.

> In considering a motion for a temporary restraining order, the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order. Should the Court find that the applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground.

L.R. 65-231(b). This case was removed to district court on April 23, 2009. Plaintiff waited until Thursday, May 21, 2009 to move for an ex parte TRO to stay a state court trial set to begin on Tuesday, May 26, 2009. The hearing for the motion is scheduled for Friday at 3:00 PM which is the last court day before the scheduled commencement of trial as Monday is Memorial Day. The motion was filed at the last possible instant. Plaintiff's attorney claims that due to his involvement with another trial, "This is the first opportunity that Plaintiff's counsel has had to present this request for temporary stay." Doc. 11, Part 2, Brief, at 3:26-27. The substance of the brief is largely the same as that of Plaintiff's motion to stay in Superior Court. See Doc. 11, Part 5, at 3-6. Plaintiff could easily have filed a motion (which consists of recycled materials) at an earlier date which would have allowed all parties and the court to examine these legal issues with due consideration. The court finds the motion for TRO to be unduly delayed within the meaning of L.R. 65-231(b), meriting denial.

Substantively, Plaintiff has not established that an injunction is necessary. Plaintiff argues that he faces the irreparable harm of "being ousted unfairly and unlawfully from his residence." Doc. 11, Part 2, Brief, at 6:1. Plaintiff claims that the unlawful ousting would result from allowing the unlawful detainer action to go forward. The case Plaintiff primarily relies upon states, "homeowners cannot be evicted, consistent with due process guaranties, without being permitted to raise the affirmative defenses which if proved would maintain their possession and ownership....Accordingly, title to the property is inevitably in issue in this unlawful detainer action, and the action is not within the jurisdiction of the municipal court." Asuncion v. Superior Court of San Diego County, 108 Cal. App. 3d 141, 146 (Cal. App. 4th Dist. 1980). The appeals court thus found that transfer of the unlawful detainer action from superior court to municipal

court was improper. In key part, the appeals court found that the municipal court did not have jurisdiction to consider certain claims, including fraud, unfair business practices, and truth in lending violations. "The municipal court does not have equitable jurisdiction except in the situations expressly granted by Code of Civil Procedure section 89;" some kinds of fraud claims are beyond the jurisdiction of municipal courts. <u>Castellini v. Municipal Court</u>, 7 Cal. App. 3d 174, 176 (Cal. App. 1st Dist. 1970). Another appeals court characterized the holding as: "There the issue was whether the case should be tried in municipal court without the defense of fraud in the transfer of title to a finance company or in superior court where the title issue could be resolved. The <u>Asuncion</u> court concluded that the fraud defense should be heard by the superior court in the residential unlawful detainer action." <u>Custom Parking v. Superior Court</u>, 138 Cal. App. 3d 90, 97 (Cal. App. 1st Dist. 1982). Based on the limited representations of the parties, that jurisdictional limitation does not appear to apply in the situation at hand. Plaintiff has not established how he is being prevented from raising those affirmative defenses in the unlawful detainer action set to go to trial on Tuesday.

### IV. Order

Plaintiff's motion for an ex parte temporary restraining order is DENIED.

IT IS SO ORDERED.

Dated: **May 22, 2009**     **/s/ Anthony W. Ishii**
CHIEF UNITED STATES DISTRICT JUDGE